IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONALD C. SMITH,

        Plaintiff,

    v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

        Defendant.

Case No. 6:14-cv-01606-MA

ORDER

MARSH, Judge.

Plaintiff Donald C. Smith brought this action seeking review of the Commissioner's decision to deny his application for disability insurance benefits and supplemental security income disability benefits. In a November 30, 2015, Opinion and Order, I reversed the Commissioner's decision and remanded the case for further administrative proceedings. Op. & Order, ECF No. 23.

1 - ORDER -

Following Plaintiff's unopposed application for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, I entered an order awarding Plaintiff $4,452.16 in fees in this matter. Order for EAJA Fees, ECF No. 27.

On remand, Plaintiff was awarded retroactive benefits. Plaintiff's attorney, Kathryn Tassinari, now seeks an award of fees pursuant to 42 U.S.C. § 406(b) in the amount of $5,356.34. Defendant does not object to the request. For the reasons that follow, Plaintiff's motion is granted.

## STANDARD

After entering a judgment in favor of a Social Security claimant who was represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). An award of fees under § 406(b) is paid from the claimant's past due benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796-807 (2002). Accordingly, when a court approves both an EAJA fee and a § 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Id*.

Under *Gisbrecht*, the court must first examine the contingency fee agreement to determine whether it is within the statutory 25 percent cap. *Id*. at 800. The court must also "'review for reasonableness fees yielded by [contingency fee] agreements.'" *Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) (*en banc*) (quoting *Gisbrecht*, 535 U.S. at 808). As set forth in *Crawford*, the court must apply the following factors: (1) the character of the representation; (2) the results

achieved; (3) any delay attributable to the attorney requesting the fee; (4) whether the benefits of the representation were out of proportion with the time spent on the case; and (5) the risk assumed by counsel in accepting the case. *Crawford*, 586 F.3d at 1151-52.

## DISCUSSION

Here, the terms of the contingent-fee agreement between Plaintiff and Attorney Tassinari are within the statutory limits of § 406(b). The $5,356.34 in attorney fees Tassinari seeks amounts to 25 percent of the retroactive benefits awarded to Plaintiff after subtracting the EAJA fee of $4,452.16, and the § 406(a) fee of $6,000 received for administrative work.

I have reviewed the record in the case, the motion, and the supporting materials including the award of benefits, the fee agreement, and the recitation of counsel's hours and services. Applying the standards set forth in *Crawford*, I find the requested fees reasonable. There is no indication that Attorney Tassinari was either ineffective or dilatory, and she achieved a favorable result for Plaintiff. Furthermore, the amount of fees requested is not out of proportion to the work performed by Tassinari, and the benefits are not so large in comparison to the amount of time counsel spent that a reduction of the fees requested is justified. In short, after applying the *Gisbrecht* factors, as interpreted by *Crawford*, I find that Plaintiff's counsel has demonstrated that a 25 percent fee is reasonable for this case.

## CONCLUSION

For these reason, Plaintiff's Motion for Attorney Fees (ECF No. 28) pursuant to 42 U.S.C. § 406(b) in the amount of $5,356.34 is GRANTED. The Commissioner shall deduct from this

3 - ORDER -

amount an administrative assessment under 42 U.S.C. § 406(d) and pay Plaintiff's attorney the balance.

IT IS SO ORDERED.

DATED this **3** day of November, 2016.

Malcolm F. Marsh
United States District Judge

4 - ORDER -